

Proskauer Rose LLP   One Newark Center   Newark, NJ 07102-5211

A New York Limited Liability Partnership
Lawrence R. Sandak, Managing Resident Partner

October 10, 2014

**Via ECF**

Lawrence R. Sandak
Member of the Firm
d 973.274.3256
f 973.274.3299
lsandak@proskauer.com
www.proskauer.com

Hon. James B. Clark, III, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   **Julio M. Henriquez v. Howmedica Osteonics Corp.
      d/b/a Stryker Orthopaedics, et al.; Civil Action No. 2:14-cv-02765-FSH-JBC**

Dear Magistrate Judge Clark:

We represent defendants Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics, Paige Whittingham, and Tracey Edwards (collectively, "Defendants") in the above-referenced matter. We write jointly with counsel for Plaintiff, Paula M. Dillon, Esq., to seek the Court's assistance with one open non-deposition-related discovery issue, in accordance with the Court's Orders during the October 2 status conference and on October 3 (Doc. No. 24).

As Your Honor directed, counsel for the parties met and conferred on October 3, and were able to resolve several of the open discovery issues that we first identified in our September 25 letter (*see* Exhibit A, attached hereto), and which were the subject of our September 30 letter to the Court (*see* Exhibit B, attached hereto), and Ms. Dillon's October 1 letters (*see* Exhibits C & D, attached hereto). In furtherance of our October 3 meet and confer, we wrote to Ms. Dillon on October 8 regarding the issues we believed to be resolved and the remaining open issues and the parties' respective positions, and inquired about the status of certain information and documents that Plaintiff had agreed to provide (*see* Exhibit E, attached hereto). By letter dated October 9, Plaintiff amended his discovery responses and produced additional documents (*see* Exhibit F, attached hereto), thereby resolving most—but not all—of the remaining discovery issues. As a result, we respectfully request the Court's assistance in resolving the following remaining issue:

**Defendants' supplemental request for production No. 3**[1]

**Defendants' Request:** "All documents concerning your divorce finalized on June 20, 2013."

**Plaintiff's Original Response:** "Objection as to relevance, admissibility, unlikely to lead to discoverable evidence. Without waiving any objection, plaintiff is unable to locate documents relating to his divorce at this time. Plaintiff reserves the right to amend this answer."

---

[1] For the Court's convenience, we have set forth (1) Defendants' request; (2) Plaintiff's response; (3) Plaintiff's response to Defendants' deficiency letter; (4) the reasons Defendants believe the information sought is relevant and why the response continues to be deficient; and (5) the reasons Plaintiff believes the response is sufficient.

# Proskauer»

Hon. James B. Clark, III, U.S.M.J.
October 10, 2014
Page 2

**Plaintiff's October 1, 2014 Response to Deficiency Letter:** "Plaintiff objects to the production of the divorce papers based on relevance, admissibility and that it is unlikely to lead to discoverable evidence. Without waiving any objection, plaintiff advises he is unable to locate the divorce papers."

**Defendants' Position Regarding Relevance and Deficiency:** Plaintiff's employment was terminated because he failed to return from an approved medical leave of absence, which, as was later discovered, was a ruse intended to conceal an extended, personal vacation through Colombia, Costa Rica, and Panama. Plaintiff claims that he was in Colombia for the purpose of receiving medical treatment he could not receive in the United States. However, documents produced to date indicate that Plaintiff was vacationing with his girlfriend during this period throughout Colombia, Costa Rica, and Panama. There are documents that indicate that Plaintiff was experiencing marital problems with his then-wife as a result of this dalliance. Thus, documents regarding his divorce may well shed light on his activities and the purpose for his extensive travels throughout Colombia, Costa Rica, and Panama during his extended leave from Stryker. They may also bear on Plaintiff's credibility.

Our request seeks all documents concerning Plaintiff's divorce. As we explained in our September 25 and 30 letters, and above, Defendants believe that these documents are relevant. (*See* Exhibits A & B.) Although Plaintiff objected, he responded that he was "unable to locate documents relating to his divorce at this time." During the parties' meet and confer on October 3, Ms. Dillon said that she would be checking with her client again to see if he could locate the divorce records, but explained that Plaintiff would not produce any such documents in any event on the basis of the stated objections. We asked that Ms. Dillon request that Plaintiff seek the records of his counsel in the divorce proceedings, but she did not say whether she would or would not do so. In our October 8 letter, we asked Ms. Dillon to confirm her position so that we could address it with the Court, if necessary (*see* Exhibit E). By letter dated October 9, Ms. Dillon reiterated the objections and contended that because the divorce was not finalized until after Plaintiff's employment, the records could not be relevant (*see* Exhibit F). But, documents produced in the case suggest otherwise and show that Plaintiff's vacations abroad with his girlfriend during his extended leave from Stryker contributed (at least in part) to his divorce. Thus, as explained above, these records may contain information relevant to this case. We respectfully request that the Court direct Plaintiff to engage in a diligent search, including by requesting any such records from his counsel in the divorce proceedings, and to produce the requested divorce records no later than October 17.

**Plaintiff's Position Regarding Sufficiency of Response:** Defendants are requesting the production of Plaintiff's divorce papers, without providing any relevant basis for such a request, other than some allegation(s) about a "girlfriend" that has absolutely no bearing on this litigation. Plaintiff contends that defendants have failed to demonstrate good cause for the production of same under Fed. R. Civ. Proc. 26(b)(1). There is no evidence that a Judgment of Divorce entered into **over a year after** the Plaintiff's termination is relevant, reasonable, or calculated to lead to the discovery of admissible evidence. Rather, defendants appear to be on a fishing expedition, which is only meant to harass and embarrass the plaintiff. The Courts have repeatedly denied

# Proskauer»

Hon. James B. Clark, III, U.S.M.J.
October 10, 2014
Page 3

such requests on that basis. *Korostynski v. State Div. Of Gaming Enforcement*, 266 N.J. Super. 549, 559 (App. Div. 1993).

The parties respectfully request the Court's direction with respect to this remaining open non-deposition-related discovery issue, and, if appropriate, a telephone conference to resolve it.

Respectfully submitted,

<u>s/Lawrence R. Sandak</u>

cc:   Krumholz Dillon, P.A. (*counsel for Plaintiff, via ECF*)